IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31147
Conference Calendar
_____

ISSAC I. OMOIKE,

                                        Plaintiff-Appellant,

versus

LOUISIANA STATE UNIVERSITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-894
- - - - - - - - - -
December 11, 1996

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Issac I. Omoike does not challenge the district court's order granting the defendant's motion for summary judgment and dismissing his complaint based on the doctrine of res judicata. Omoike merely challenges the district court's rulings made in his earlier suit which made the same claims as those made in the instant complaint.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Because Omoike has not disputed the district court's determinations that the instant suit is identical to Omoike's complaint in civil action # 91-6530B-M1, that he sued the same defendant in both suits, and that the prior action was dismissed on the merits by a court of competent jurisdiction, the complaint was properly dismissed based on the doctrine of res judicata. See Fed. R. Civ. P. 56(c); Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir. 1983) (en banc). The rulings in the prior action became final when Omoike failed to file a timely notice of appeal from the dismissal of that action, and Omoike cannot contest such rulings in the present action.

Omoike argued for the first time in his notice of appeal that the district judge and magistrate judge are biased against him. Therefore, this issue is subject to plain error review. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995). Omoike's allegations of judicial bias involve questions of fact which, by their nature, are not obvious error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). The bias issue is not subject to appellate review.

Because Omoike has failed to raise an issue of arguable merit, the appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. Rule 42.2.

APPEAL DISMISSED.